## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

PAMELA DELVER,

        Plaintiff,

    vs.

MICHAEL J. ASTRUE,
COMMISSONER OF SOCIAL SECURITY,

        Defendant.

Case No. 1:06cv266

Weber, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's Motion for Attorney Fees under the Equal Access to Justice Act ("EAJA") (Doc. 27), and Defendant's Memorandum in Opposition (Doc. 28). No reply memorandum was filed.

Pursuant to local practice, Plaintiff's Motion for Attorney Fees (Doc. 27) has been referred to the undersigned magistrate judge for initial consideration and a report and recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted, in part.

### I. Relevant Factual Background

On September 26, 2007, then presiding Magistrate Judge Hogan issued a Report and Recommendation that Plaintiff's case be reversed and remanded pursuant to Sentence Four of 42 U.S.C. §405(g). (Doc. 16). On February 26, 2008, the District Court adopted the Recommendation and remanded the matter to the ALJ for an award of benefits. (Doc. 19). On March 4, 2008 Defendant filed a motion to alter judgment (Doc. 21) which Judge Weber denied on December 23, 2010 (Doc. 26). Plaintiff timely filed her motion for fees pursuant to 28 U.S.C. §2412(d). (Doc. 27). In said Motion,

counsel requested fees in the amount of $4,975.71, which is comprised of 29.25 hours of work times the requested hourly rate of $170.11.  Plaintiff also requested that the Court award fees directly to her counsel.  (Doc. 27).  On March 30, 2011, Defendant filed its memorandum in opposition to Plaintiff's motion objecting to the requested hourly rate, the hours charged, and the payment of fees directly to counsel.  (Doc. 28).

## II. Analysis

### A. Standard of Review

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment.  The EAJA defines a final judgment as "a judgment that is final and not appealable."  28 U.S.C. §2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991).  The thirty-day clock begins to run after the time to appeal the final judgment has expired.  *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

Further, the EAJA provides that:

[A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A).  Thus, eligibility for a fee award under EAJA requires: (1) that the claimant be the prevailing party; (2) that the government's position was not substantially justified; and (3) that no special circumstances make the award unjust. The Defendant does not contest the timeliness of the motion or that the Plaintiff is

2

entitled to an award of fees.  The Defendant only argues that the requested amount is excessive.

The Court agrees that the motion is timely, that Plaintiff is the prevailing party, and for the reasons more particularly set forth in the Report and Recommendation remanding the matter to the ALJ for an award of benefits (Doc. 16), that the government's position was not substantially justified.  Further, there are no special circumstances to make the award of fees unjust.  The only issue remaining to be decided in this case is how much the award of attorneys fees should be and to whom the award should go.

### B.    Calculation of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Sixth Circuit has held that "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009).  "Plaintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 895 n.11 *quoting Blum v. Stenson*,

465 U.S. 886, 898 (1984). Plaintiff has failed to meet this burden by failing to provide any information or evidence to support what the prevailing market rate charged in the area was at the time she incurred the fees and even failing to attach her attorney's own affidavit to support her fee request. Plaintiff merely attached Counsel's "time sheet" which shows the date work was performed, a description of the work performed, and the time spent on such work.

The Court next examines the second and third statutory criteria, namely the cost of living adjustment ("COLA") and other "special factors." Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health and Human Servs.,* 966 F.2d 196,199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health and Human Serv.,* 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustment in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

Based upon the "Consumer Price Index - All Urban Consumers" for the "Cincinnati-Hamilton, OH-KY-IN" area for "All items",[1] Plaintiff requests an hourly rate

---

[1] Defendant argues that the proper CPI to use is the "Consumer Price Index - All Urban Consumers" for the "Midwest urban" area for "All items." (Doc. 28-1). This Court has previously found that the "Midwest Urban" table is the proper table to use. *See Adkins v. Comm'r of Soc.*

4

increase to $170.11 per hour. (See Doc. 27-1). However, Plaintiff has submitted only the Consumer Price Index (CPI) to support her claim for an increase, which the Sixth Circuit has said is simply "not enough" to justify an increase. *Bryant*, 578 F.3d at 450; *see also Bushor v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86805 (S.D. Ohio Aug. 5, 2011)(J. Barrett). Accordingly, Plaintiff has failed to meet her burden of producing appropriate evidence in support of the requested increase. *See id.* Therefore, the hourly rate awarded should be $125.00.[2]

Plaintiff asserts that her counsel worked 29.25 hours on her case. The Defendant argues that it should not be responsible to pay for the time Plaintiff's counsel expended on filing motions for extension of time. According to the time sheet submitted with Plaintiff's motion, a total of 1.75 hours were spent preparing two motions for extension of time (one on September 29, 2006 and the other on October 31, 2006), as well as reviewing the orders from the Court granting each respective motion. (See Doc. 27-1). The Court agrees that Plaintiff's counsel should not receive fees under the EAJA for work related to the motions for extension of time. *See Stanley v. Astrue*, 2011 U.S. Dist. LEXIS 51583, 4-5 (S.D. Ohio May 4, 2011)(J. Black). All other time submitted, however, is reasonable and related to the case. Thus, the Court finds that Plaintiff is entitled to 27.5 hours at $125 per hour, for a total of $3,437.50.

---

*Sec.*, 2011 U.S. Dist. LEXIS 56363 (S.D. Ohio Feb. 18, 2011)(M.J. Bowman) *adopted, in part, at* 2011 U.S. Dist. LEXIS 56130 (S.D. Ohio, May 24, 2011)(J. Barrett)(finding that the "Midwest Urban - All items" table is the appropriate table to use). However, as Defendant points out, the case law provides that the cost of living should be measured on a local basis. *See Blum v. Stenson*, 465 U.S. 886, 895 (1984). Thus, it appears as if Plaintiff's table is even more proper to use then the table suggested by Defendant as it specifically relates to Cincinnati.

[2] The Court would have been more inclined to grant Plaintiff's request for an increase in the hourly rate had Plaintiff submitted evidence to support what the prevailing market rate is in the Cincinnati area, such as affidavits from other attorneys who practice in federal court and/or publications that discuss the prevailing market rate. In addition, an affidavit from counsel setting forth what her normal hourly rate is would have been helpful.

### C.  Award of Fees

Plaintiff argues that the award should be made to her counsel directly.  She argues that *Astrue v. Ratliff*, 560 U.S. ___, 130 S.Ct. 2521 (June 14, 2010), does not reject the use of an assignment to permit payment of the EAJA award directly to the Plaintiff's attorney.  This Court, however, disagrees with Plaintiff's interpretation of *Ratliff*, which holds that such fee awards are payable to the litigant, and subject to offset for any debt owed by the litigant to the United States.  *Id.* at 2524.  As Chief Judge Dlott recently stated, "[t]he plain language of *Astrue v. Ratliff* suggests that ordinarily, fees should be made payable directly to the Plaintiff."  Dudley v. Comm'r of Soc. Sec., 1:09cv749-SJD-SKB (Doc. 22, Order of 8/18/2011) citing *Ratliff,* 130 S.Ct. at 2524. Although the Supreme Court does not directly address the issue of when an assignment of a fee award by a litigant to his or her attorney can be fully honored by a court if no debt exists, Chief Judge Dlott, agreeing with Judge Barrett, has held that the most persuasive and practical solution is to make the "'award of fees payable jointly to both Plaintiff and Plaintiff's counsel'" which "'abides by the plain language and spirit of *Ratliff*.'"  *Dudley v. Comm'r of Soc. Sec.*, 1:09cv749-SJD-SKB (Doc. 22, Order of 8/18/2011 at 2) quoting *Bushor v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 86805, *5-6 (S.D. Ohio Aug. 5, 2011).  Even though there is no evidence of an assignment, the Plaintiff asserts in her brief that one exists.[3]  Therefore, the Court recommends that Plaintiff be awarded $3,437.50 made payable to Plaintiff and her counsel, jointly, less any monies determined to be owed to the United States.

---

[3] The better practice would be for Plaintiff to submit a copy of the assignment or an affidavit setting forth that she assigned any potential award of attorneys' fees to her counsel.

### III. Conclusion and Recommendation

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by plaintiff's counsel be **GRANTED**, in part, and that Plaintiff and her counsel, jointly, be **AWARDED** **$3,437.50** in attorney fees.

*s/Stephanie K. Bowman*
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

PAMELA DELVER,

      Plaintiff,

  vs.

MICHAEL J. ASTRUE,
COMMISSONER OF SOCIAL SECURITY,

      Defendant.

Case No. 1:06cv266

Weber, J.
Bowman, M.J.

<u>**NOTICE**</u>

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

8